# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01126-RM-NYW

GELLERT TRADING KFT,

    Plaintiff,

v.

BLACK DIAMOND INTERNATIONAL FOREST GROUP LLC,
RINAT KHISYAMOV, and
MICHAEL J. JOHNSEN,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

This matter is before the undersigned Magistrate Judge pursuant to the Order of Reference dated May 11, 2018, [#4], and Plaintiff's Response to the Order to Show Cause filed May 24, 2018. [#17]. For the reasons stated below, this court RECOMMENDS that the action be dismissed for lack of subject matter jurisdiction.

On May 24, 2018, this court issued an Order to Show Cause as to why the case should not be dismissed, finding that the Complaint invoked diversity jurisdiction under 28 U.S.C. § 1332, but insufficiently set forth the citizenship of the named parties. Specifically, this court noted that Plaintiff purports to be a citizen of a foreign state, [#1 at ¶ 3],[1] but does not identify the citizenship of Defendant Black Diamond International Forest Group LLC. *See* [*id.* at ¶ 4].

---

[1] Whether an *entity* created under a foreign country's law is a "citizen or subject" of that country depends on that country's laws. *Cohn v. Rosenfeld*, 733 F.2d 625, 628-29 (9th Cir. 1984); *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 298 (5th Cir. 2010). However, "a

A federal court must satisfy itself as to its own jurisdiction, and may take *sua sponte* action to do so. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). A court should not proceed having not first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). In the Tenth Circuit, for purposes of determining jurisdiction, a limited liability company ("LLC") is an unincorporated association and takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). *See also Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321 (10th Cir. 2016) (holding the court must include all of an entity's members "in determining the citizenship of an unincorporated association for purposes of diversity.").

On May 24, 2018, Plaintiff filed a Response to the Order to Show Cause contending that the Parties are diverse and that the court has subject matter jurisdiction over the action. [#14]. However, the Response states that Defendant Black Diamond International Forest Group LLC is comprised of three members, one of whom, Mr. Sergey Sichkar, is a citizen of the Russian Federation. [*Id.* at 3]. Because an LLC takes the citizenship of all of its members, *Siloam Springs Hotel*, 781 F.3d at 1234, Defendant Black Diamond International Forest Group LLC is a citizen of a foreign state as a result of Mr. Sichkar's citizenship.[2] Accordingly, the Parties in this

---

corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *JPMorgan Chase Bank v. Traffic Stream (BVI)*, 536 U.S. 88, 91 (2002) (quotation marks omitted)).

[2] Defendant Black Diamond International Forest Group LLC also takes the citizenship of the other two members.

2

action are not diverse because Plaintiff is a foreign entity suing another foreign entity. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("complete diversity" was lacking where aliens are on both sides of a case without United States citizens also on both sides). *See also Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345-46 (10th Cir. 2000) (analyzing requirements of 28 U.S.C. § 1332(a) and holding court erroneously determined that diversity jurisdiction existed between plaintiff who was Belgian citizen and defendants who were American and Canadian manufacturers); *Standard Bank PLC v. Vero Insurance Ltd.*, No. 08–cv–2127–PAB–KLM, 2009 WL 4730474, at *5 (D. Colo. Dec. 7, 2009) (observing the court lacks jurisdiction over lawsuit where an alien plaintiff sues an alien defendant and a domestic defendant).

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that this action be **DISMISSED** for lack of subject matter jurisdiction.[3]

---

[3] Within fourteen days after service of a copy of the Recommendation, Plaintiffs Kohl and Harley and Defendants may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant

DATED: June 15, 2018                          BY THE COURT:

_____
United States Magistrate Judge

---

had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).